By the Court, Co wen, J.
It must be taken as a general rule since our decision in Miller v. Adsit, (18 Wendell, 672,) that though one person, for the protection of his own interest, defend an action in the name of another, yet he will not be liable for the costs which the plaintiff recovers. The action of ejectment, where the landlord defends in the name of his tenant, has been holden to constitute an exception; (Jackson, ex dem. Martin, v. Van Antwerp, 1 Wendell, 295;) but this is contrary to the principle of Miller v. Adsit. In the case at bar, however, the relation of landlord and tenant is denied to exist by the affidavits both of Bogert and Hedges. Their denials too are somewhat fortified by other affidavits; so much so that I think the affidavits on the side of the plaintiffs are met too strongly to warrant us in granting this motion upon the present state of the proofs.
But it is insisted that Hedges having formerly admitted the tenancy, &c. we ought to order a commission and compel his examination in behalf of the plaintiffs pursuant to the 2 R. 8. 457, 8, 2d ed. § 24, 5. But this, according to the act, is to be done only where a witness has declined to testify voluntarily. Hedges has, in this case, made a voluntary affidavit touching the matter in question, upon the request of Bogert; and we must intend has told the whole truth. At any rate, we must presume, after what he has sworn, that his deposition would be of no use to the plaintiffs,
Motion denied.